**The STATE of Texas, Appellant,**

**v.**

**Charles N. CARROLL, Appellee.**

**No. 3–92–640–CR.**

Court of Appeals of Texas, Austin.

May 19, 1993.

Marcos Hernandez, Jr., Crim. Dist. Atty., Lucy Del Prado Dietz, Asst. Crim. Dist. Atty., San Marcos, for appellant.

E. Ray Green, San Marcos, for appellee.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

PER CURIAM.

The State appeals an order suppressing evidence. Tex.Code Crim.Proc.Ann. art. 44.01(a)(5) (West Supp.1993). The underlying offense is driving while intoxicated. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (West Supp.1993).

On July 3, 1992, Frank Benjamin was on duty as a Southwest Texas State University campus police officer. He observed appellee driving an automobile 50 miles-per-hour in a 30 miles-per-hour zone on Sessoms Drive in San Marcos. As the officer pursued the vehicle, appellee ran a red light. The officer succeeded in stopping appellee and, based on his subsequent observations, arrested him for driving while intoxicated. In his motion to suppress, appellee contended that because the offenses observed by the officer did not take place on university property, Benjamin was not authorized to stop him and the arrest was therefore unlawful. As we understand the testimony, the property on either side of Sessoms Drive at the point where the offenses occurred belongs to the university, but the street itself is not university property.

■ The issue presented by the State's first point of error is the territorial jurisdiction of a campus police officer under section 51.203 of the Education Code, as amended in 1987. Tex.Educ.Code Ann. § 51.203 (West Supp.1993). The relevant portion of the statute reads as follows:

(a) The governing boards of each state institution of higher education and public technical institute may employ and commission peace officers for the purpose of carrying out the provisions of this subchapter. The primary jurisdiction of a peace officer commissioned under this section includes all counties in which property is owned, leased, rented, or otherwise under the control of the institution of higher education or public technical institute that employs the peace officer.

(b) Within a peace officer's primary jurisdiction, a peace officer commissioned under this section:

(1) is vested with all the powers, privileges, and immunities of peace officers;

(2) may, in accordance with Chapter 14, Code of Criminal Procedure, arrest without a warrant any person who violates a law of the state; and

(3) may enforce all traffic laws on streets and highways.

*Id.* § 51.203(a), (b).

Campus police officers are peace officers. Tex.Code Crim.Proc.Ann. art. 2.12(8) (West Supp.1993). A peace officer is authorized to arrest without a warrant any person who commits an offense within the officer's view. Tex.Code Crim.Proc.Ann. art. 14.01 (West 1977); *see also* Tex.Rev. Civ.Stat.Ann. art. 6701d, § 153 (West 1977) (peace officer may arrest for violation of traffic laws). These statutes, however, merely provide peace officers with the authority to make warrantless arrests under certain circumstances. They do not define the geographic scope of that authority, which must be found elsewhere. *Angel v. State*, 740 S.W.2d 727, 732 (Tex.Crim.App. 1987) (police officer of incorporated city); *see also Perkins v. State*, 812 S.W.2d 326 (Tex.Crim.App.1991) (airport police officer); *Reichaert v. State*, 830 S.W.2d 348 (Tex. App.—San Antonio 1992, pet. ref'd) (police officer of general-law municipality).

The only reported decision dealing with the territorial jurisdiction of campus police officers is *Preston v. State*, 700 S.W.2d 227 (Tex.Crim.App.1985). At the time of that opinion, section 51.203 provided that "[a]ny officer commissioned under this section is vested with all the powers, privileges, and immunities of peace officers *while on the property under the control and jurisdiction of the institution of higher education or otherwise in the performance of*

*his duties."* Act of May 22, 1971, 62d Leg., R.S., ch. 1024, sec. 1, § 51.203, 1971 Tex.Gen.Laws 3072, 3089 (Tex.Educ.Code Ann. § 51.203, since amended) (emphasis added). In *Preston,* the court held that a campus police officer was vested with the powers, privileges, and immunities of a peace officer only when he was on property under the control or subject to the jurisdiction of the university, or otherwise acting in the performance of his official duties. 700 S.W.2d at 229–30. The court further held that a campus police officer was not acting within his official duties when he attempted to enforce the traffic laws on off-campus passageways. *Id.*

The State argues that *Preston* was effectively overruled by the 1987 amendment of section 51.203. The amendment deleted from the statute the language on which the holding in *Preston* was based. As amended, section 51.203 defines the "primary jurisdiction" of a campus police officer as "all counties in which property is owned, leased, rented, or otherwise under the control of the institution" that commissions the officer. Section 51.203(a). Within that primary jurisdiction, a campus police officer is vested with all powers, privileges, and immunities of peace officers, may arrest without warrant any person who violates a law of the state, and may enforce all traffic laws on streets and highways. Section 51.203(b). There is nothing in the statute as it now reads that limits a campus police officer's authority to act as a peace officer to the property owned or occupied by the university.

Appellee argues that despite its broad language, the amended statute should not be read to authorize campus police officers to make arrests for offenses that do not occur on university property. He notes that campus police officers are commissioned "for the purpose of carrying out the provisions of" subchapter E of the Education Code. Section 51.203(a). That subchapter is entitled "Protection of Buildings and Grounds." Appellee also points to section 51.201, which declares that the general and criminal laws of the state are in full force and effect within the areas under the control and jurisdiction of state institutions

of higher education. Tex.Educ.Code Ann. § 51.201 (West 1987). Appellee contends that section 51.203 should be read to authorize the commissioning of peace officers to protect the buildings and grounds owned or occupied by state institutions of higher education in every county in which that property may be found, but not to authorize those officers to act a peace officers when not on the property of the institution. In short, appellee would have this Court disregard the 1987 amendment of section 51.203 and reaffirm the holding in *Preston.*

Where a statute is clear and unambiguous, the legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from the statute unless application of the statute's plain language would lead to absurd results that the legislature could not possibly have intended. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). Section 51.203, as amended, clearly and unambiguously extends the jurisdiction of campus police officers beyond the physical limits of university property. Application of the plain language of the statute will not lead to absurd results, as the legislature could reasonably conclude that such an expansion of jurisdiction is necessary to fully protect university buildings and grounds. Whether, under section 51.203(b), a commissioned campus police officer's territorial jurisdiction encompasses the entire county in which the commissioning institution owns or otherwise controls property is a question we need not and do not decide. It is enough to hold, as we do, that campus police officers are authorized by section 51.203(b) to enforce traffic laws on public streets passing through or bordering the university campus and to arrest intoxicated drivers found on those streets.

It is undisputed that Benjamin was commissioned as a peace officer by Southwest Texas State University and that the university owns property in Hays County. The evidence shows that the traffic offenses observed by the officer took place in Hays County on a public street bordered on both sides by university property. We hold that under section 51.203(b), Benjamin was au-

thorized to stop appellee for the observed traffic violations and to arrest him for driving while intoxicated even though these offenses did not take place on university property. The State's first point of error is sustained.

In point of error two, the State contends the trial court erred by finding that no probable cause existed for the stop of appellee's car. The order granting the motion to suppress does not state the ground on which it is based, but it appears from the record that the county court at law relied on appellee's contention that the officer exceeded the scope of his authority under section 51.203 and did not reach the other contentions in appellee's motion to suppress. Point of error two presents nothing for review.

The order of the county court at law granting appellee's motion to suppress evidence is reversed and the cause is remanded to that court for further proceedings.