The **STATE of Texas, Appellant,**

v.

**Donald Ray BACKUS, Appellee.**

No. 3–94–042–CR.

Court of Appeals of Texas, Austin.

Aug. 17, 1994.

Discretionary Review Refused Nov. 2, 1994.

Marcos Hernandez, Jr., Criminal Dist. Atty., David S. Watts, Asst. Crim. Dist. Atty., San Marcos, for appellant.

James B. Parks, San Antonio, for appellee.

Before POWERS, ABOUSSIE and JONES, JJ.

PER CURIAM.

The State appeals from an order suppressing evidence. Tex.Code Crim.Proc.Ann. art. 44.01(a)(5) (West Supp.1994). The issue presented is the authority of a campus police officer to act as peace officer when not on the campus of the university that employs him.

On May 19, 1993, Frank Benjamin, a Southwest Texas State University campus police officer, stopped a pickup truck driven by appellee after observing the truck run a red light at the intersection of Hopkins and Guadalupe Streets in San Marcos. Based on his subsequent observations, Benjamin arrested appellee for driving while intoxicated. In his motion to suppress, appellee contended that the stop and resulting arrest were unlawful because the stop was not made on

university property. Appellee modified this argument at the hearing on the motion, asserting that the stop was unlawful because the observed traffic offense did not take place on university property or on a public street passing through or bordering university property. The officer testified that the offense took place on a public street about two blocks from the university campus, and that the property on either side of the street was a mix of residential and commercial.

The State contends that Benjamin acted within the scope of his jurisdiction as defined by section 51.203 of the Education Code. Tex.Educ.Code Ann. § 51.203 (West Supp. 1994). That statute reads, in relevant part:

(a) The governing boards of each state institution of higher education and public technical institute may employ and commission peace officers for the purpose of carrying out the provisions of this subchapter. The primary jurisdiction of a peace officer commissioned under this section includes all counties in which property is owned, leased, rented, or otherwise under the control of the institution of higher education or public technical institute that employs the peace officer.

(b) Within a peace officer's primary jurisdiction, a peace officer commissioned under this section:

(1) is vested with all the powers, privileges, and immunities of peace officers;

(2) may, in accordance with Chapter 14, Code of Criminal Procedure, arrest without a warrant any person who violates a law of the state; and

(3) may enforce all traffic laws on streets and highways.

*Id.* § 51.203(a), (b).

The territorial jurisdiction of a campus police officer under section 51.203 was the subject of a previous opinion by this Court. *State v. Carroll,* 855 S.W.2d 128 (Tex.App.— Austin 1993, no pet.). In *Carroll,* the defendant was stopped for a traffic offense and subsequently arrested for driving while intoxicated by the same campus police officer whose actions are at issue in the present cause. The offense was committed on a public street bordered on both sides by universi-

ty property. We held, consistent with the facts in that case, that the officer was authorized by section 51.203 to enforce traffic laws on public streets passing through or bordering the university campus and to arrest intoxicated drivers found on those streets. *Id.* at 130. The facts of the present cause require us to decide whether a campus police officer's territorial jurisdiction under section 51.203 is greater than that identified in *Carroll.*

 When a statute is clear and unambiguous, the legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from the statute unless application of the statute's plain language would lead to an absurd result that the legislature could not possibly have intended. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). Section 51.203(a) clearly defines the "primary jurisdiction" of a campus police officer as "all counties in which property is owned, leased, rented, or otherwise under the control of the institution ... that employs the peace officer." Within that primary jurisdiction, section 51.203(b) unambiguously grants a campus police officer all the powers of a peace officer, including the authority to enforce all traffic laws and to make arrests without warrant. We held in *Carroll* that section 51.203 extends the jurisdiction of a campus police officer beyond the physical limits of university property. *Carroll,* 855 S.W.2d at 130. We now hold that a university campus police officer is authorized by section 51.203 to enforce traffic laws, make warrantless arrests for offenses committed in his presence, and otherwise carry out the duties of a peace officer anywhere in the county or counties in which the commissioning institution owns or controls property.

We do not believe that the application of the plain language of section 51.203 leads to an absurd result that the legislature could not have intended. Campus police officers are commissioned for the purpose of protecting the buildings and grounds of state institutions of higher education. Section 51.-203(a). In *Carroll,* we found that the legislature could reasonably conclude that an expansion of campus police jurisdiction beyond the physical limits of university property was

necessary to fully effectuate this purpose. *Carroll,* 855 S.W.2d at 130. The grant of county-wide jurisdiction to campus police officers, while perhaps not essential to the protection of university property, is not so obviously unnecessary as to be considered absurd.

Appellee argues that section 51.203 should be read merely to extend the jurisdiction of a university police officer to every campus of that university in the state, eliminating the need to recommission the officer for each campus. A similar argument was made and rejected in *Carroll. Id.* Appellant further argues that the territorial jurisdiction of a campus police officer should be limited to the university campus and the public streets thereon because such officers do not receive the training required for general police work. There is no evidence in the record to support this assertion, and we observe that section 51.203 requires that a campus police officer be certified as a police officer under the requirements of the Texas Commission on Law Enforcement Officers and Standards. Sec. 51.203(e).

Appellee continues to rely on the holding in *Preston v. State,* 700 S.W.2d 227 (Tex. Crim.App.1985), that a campus police officer is vested with the powers of a peace officer only when he is on university property. As we pointed out in *Carroll,* this holding was based on the text of section 51.203 as it read before its amendment in 1987. *Carroll,* 855 S.W.2d at 129–30; *see* Act of May 22, 1971, 62d Leg., R.S., ch. 1024, sec. 1, § 51.203, 1971 Tex.Gen.Laws 3072, 3089 (Tex.Educ.Code Ann. § 51.203, since amended). Insofar as it purports to define the territorial limits of a campus police officer's jurisdiction, *Preston* was superseded by the 1987 amendment to section 51.203.

It is undisputed that Benjamin was commissioned as a peace officer by Southwest Texas State University and that the university owns property in Hays County. The evidence shows that the offenses for which the officer stopped and arrested appellee took place in Hays County. We hold that under section 51.203, the officer was authorized to stop appellee for the observed traffic violation and to arrest appellee for driving while intoxicated. The State's point of error is sustained.

The order of the county court at law granting appellee's motion to suppress evidence is reversed and the cause is remanded to that court for further proceedings.