WILL CLAY V. STATE.

No. 26,164. December 10, 1952.
Appellant's Motion for Rehearing Granted
February 11, 1953.

*Croslin & Pharr*, by *E. G. Pharr*, Lubbock, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for violation of the liquor law, with a fine of $1500.00.

The proceedings shown by the transcript appear regular in every respect. The record contains no statement of facts and no bills of exception. Nothing is presented for review by this court.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

BELCHER, Judge.

On original submission, this case was affirmed on the ground that the record contained no statement of facts or bills of exception, therefore nothing was presented for review.

A statement of facts filed in the trial court within the time allowed by law has been received and filed.

Appellant urges that the evidence was insufficient to support the conviction, which may be considered in the absence of bills of exception.

Appellant was charged with the unlawful possession of beer in a dry area for the purpose of sale and three former convictions for like offenses were alleged for enhancement of the penalty. The jury found him guilty and assessed his punishment at a fine of $1500.

The state relies upon the testimony of a deputy sheriff to show the unlawful possession of the beer in question. This witness testified that he searched what is known as the Clay Brothers Hotel, just southeast of Snyder, and that in a small building near the hotel he found something over two cases of beer.

The witness further testified when asked who was in charge of the premises, "Well, I wouldn't say who owns them or anything like that, because I don't know." "Well, I don't know definitely, and I wouldn't say." The witness testified that he did not see appellant during the search, and first saw him over an hour afterwards and didn't state where appellant was then.

This was all the evidence on the question of who was in possession of the beer.

The evidence is insufficient to support the conviction.

The motion for rehearing is granted; the judgment of affirmance is set aside; and the judgment of the trial court is reversed and the cause remanded.

Opinion approved by the Court.