**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Victor Domingo GARCIA, Ruben Barrera-Saenz and Adan Montolla Mungia, Defendants-Appellants.**

**No. 81–2115.**

United States Court of Appeals,
Fifth Circuit.

Nov. 7, 1983.

C.H. Neal Duvall, Roma, Tex., for Saenz.

Richard H. Garcia, Edinburg, Tex., for Mungia.

Michael Kennedy, New York City, for Garcia, Mungia and Saenz.

John M. Potter, Asst. U.S. Atty., Houston, Tex., Louis Fischer, Appellate Section, Criminal Div., Dept. of Justice, Washington, D.C., for plaintiff-appellant.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BROWN, GOLDBERG and GEE, Circuit Judges.

GEE, Circuit Judge:

This matter concerns the validity of law enforcement actions taken over three years ago. Since we conclude that its proper disposition requires a remand to the trial court for consideration of issues, not reached in its former proceedings, that should be initially addressed by that court, we forbear delaying matters or trammeling that court's judgment by long writing.

Following their apprehension by Texas state game wardens on the lookout for game law violators, the defendants were convicted of possessing and conspiring to distribute marihuana. On appeal they attacked the authority under state law of the game wardens to arrest them for non-game law crimes. Our opinion on appeal treated the warrantless search that discovered the drugs as one conducted incident to the arrests, concluded that power to make those arrests was not granted by Texas law,[1]

---

1. A vexed question at the time of our decision. After it, a panel of the Texas Court of Criminal Appeals held, to the contrary of it, that Texas game wardens did possess general arrest powers. *Christopher v. State*, 639 S.W.2d 932 (Tex.Cr.App.1982). Sitting en banc, however,

determined that consequently defendants' motions to suppress the drugs should have been granted, and reversed their convictions. 676 F.2d 1086 (5 Cir.1982) and, on rehearing, 695 F.2d 806. The Supreme Court has vacated our judgment, remanding for our further consideration of the appeal in the light of *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

*Ross* discusses the permissible scope of a search conducted without warrant under the "automobile exception" to the Fourth Amendment, concluding that it is the same as that which a magistrate might have authorized by warrant. It is concerned with constitutional questions of reasonableness of search only; in no way does it touch upon the power of state officers to make arrests. We can make nothing of the Court's remand of this cause for reconsideration in *Ross*'s light unless it be an indication that our former disposition took it up by the wrong end; that our focus should be upon the constitutional question rather than upon the arresting state officers' powers. Obedient, therefore, to our best perception of the Court's intention, we in turn remand to the trial court for further proceedings.

In its former ruling denying motion to suppress the drugs, the trial court relied on the wardens' supposed general authority to arrest. By subsequent decisions of the Texas courts, we now know that such authority is lacking. On remand, it should conduct such further proceedings and on such issues as it thinks appropriate, taking further evidence if necessary. Doubtless these will include whether, in the light of *Ross,* the discovery of the drugs is justifiable on some other ground than as the fruit of a search incident to arrest, as well as the possible applicability of the "automobile" or "good faith" exceptions. *United States v. Mahoney,* 712 F.2d 956 (5th Cir.1983); *United States v. Williams,* 622 F.2d 830 (5th Cir. 1980) (en banc), *cert. denied,* 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981).

REMANDED.

that Court concluded, as had we, that they did

GOLDBERG, Circuit Judge, dissenting:

In this case, the majority remands to the trial court for consideration of the possible applicability of the "automobile" or "good faith" exceptions. I dissent because I believe that result takes us beyond the scope of the Supreme Court's remand. That remand instructed us only to consider this case further "in light of *United States v. Ross,* 456 U.S. 798 [102 S.Ct. 2157, 72 L.Ed.2d 572] (1982)."

The majority interprets the Supreme Court's remand in light of *Ross* to indicate our focus should be upon the "constitutional question rather than upon the arresting state officers' powers." By suggesting our earlier focus on authority to arrest was misplaced, the majority reaches a conclusion I simply cannot accept—that the constitutions and statutes of our beloved country allow ordinary citizens (in this case a game warden without general law enforcement authority) to search, seize and arrest, and allow the evidence thereby obtained to be used in court. Like the majority, I seek to be obedient to the instructions of the Supreme Court. But, unlike the majority, I perceive no intimations nor emanations from the remand to push us beyond its narrow, explicit instruction.

Limiting myself, therefore, to a careful examination of *Ross,* I find not a syllable within its four corners to indict this panel's focus or its reasoning in the original *Garcia* opinion, *United States v. Garcia,* 676 F.2d 1086 (5th Cir.1982), *vacated* —— U.S. ——, 103 S.Ct. 3105, 77 L.Ed.2d 1360 (1983). In that opinion, this court concluded that the stop and arrest of the defendants was illegal under Texas law, and therefore, that the evidentiary fruits of those stops and arrests should not have been introduced at defendants' trial. Thus, we never reached the question of whether the search was legal under the "automobile exception." *Ross,* as the majority states, dealt with the permissible scope of a search under the "automobile exception." The search in *Ross* was conducted by local police officers;

not. 639 S.W.2d at 937.

**110**

whether those officials lacked state statutory authority to make a stop and execute a search was not at issue as it was in *Garcia.* Because *Ross* in no way suggests that we should ignore illegality of stops and arrests under state law, I do not take the Supreme Court's remand to say that we should look past this illegality and analyze this case under the "automobile exception."

Moreover, it is incredible to me that the Supreme Court would have referred us to *Ross,* a case concerned with the "automobile exception," if it wanted us to further consider the applicability of a "good faith" exception. The entire judicial system and a considerable part of the bar are waiting with bated breath for the Supreme Court's words of wisdom on the good faith exception, potentially so weakening of the exclusionary rule. Surely, if the Court had wanted us to consider this issue, it would have made its signals clear, its words pellucid, and its thrust unmistakable.

Judge Gee, writing for the majority with his usual sensitive perceptivity, conceives that *Ross* produces little incandescence. Nevertheless, the majority's eyesight must be more acute than my own, for I cannot see that *United States v. Ross* sheds even a candle's worth of light on the instant case. Being a strict constructionist as far as mandates from our superiors, it is difficult for me to understand why we should wander into the "automobile" and "good faith" exceptions to the exclusionary rule. I would adhere to the panel's original disposition of this case, reversing the defendants' convictions.