**Robert Warren PRESTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 912–83.**

Court of Criminal Appeals of Texas,
En Banc.

Nov. 27, 1985.

Joseph C. Hawthorn, Beaumont, for appellant.

James S. McGrath, Dist. Atty. and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

In a published opinion authored by its Chief Justice, Hon. Martin Dies, Jr., the Beaumont Court of Appeals upheld the jury's verdict finding Robert Wayne Preston, appellant, guilty of committing the offense of aggravated assault on a peace officer. See *Preston v. State*, (Tex.App.—Beaumont, No. 09–83–003 CR, September 7, 1983). The trial court had assessed punishment at ten years' confinement in the Department of Corrections, but ordered same probated.

We granted appellant's petition for discretionary review so that we could review the following holdings of the court of appeals,

> We do not believe that Shaffer was divested of his peace officer status because he was off the property of Lamar University at the time of the assault. Officer Shaffer was actively involved 'in the performance of his duties' under *Section 51.203* and thus he retained all the powers, privileges, and immunities of a peace officer. The record reflects that Shaffer was pursuing suspects in an alleged on-campus burglary. When a felony has been committed, *TEX. CODE CRIM. PROC.ANN. art. 14.04* (Vernon 1977) authorizes a peace officer *to pursue and arrest* an accused, without a warrant where he has been shown that said offense has been committed by satisfactory proof from the representation of a credible person, *and that the offender is about to escape.* A peace officer is authorized, in certain circumstances, to make arrests outside of the area where he serves. Green v. State, 490 S.W.2d 826, 827 (Tex.Crim.App.1973),

and to reconsider this Court's holding in *Christopher v. State*, 639 S.W.2d 932 (Tex. Cr.App.1982), (On appellant's motion for rehearing), that although a peace officer (a game warden) had not been given general powers of arrest, nevertheless, the provisions of Section 153 of Article 6701d, V.A. C.S., the Uniform Act Regulating Traffic on Highways, included a grant of specific authority for him to make traffic arrests anywhere in the State of Texas. In principle, *Christoper v. State*, supra, supports the above holding of the court of appeals, that the complaining witness Shaffer was authorized to make a traffic arrest.

In pertinent part, the indictment in this cause alleges that appellant did "intentionally and knowingly cause bodily injury to Kent Shaffer, ... a peace officer [who was then] in the lawful discharge of an official duty, by spraying [Shaffer] with tear gas commonly known as mace, knowing and

having been informed at the time that [Shaffer] was a peace officer."

The record reflects that at the time of the alleged assault, which occurred off the campus of Lamar University, Shaffer was a campus peace officer for Lamar University, which is part of The Lamar University System, and is located in the City of Beaumont. See Chapter 108, *Education Code.*

Section 51.203 of the *Education Code* provides in part:

"The governing boards of each state institution of higher education may employ campus security personnel for the purpose of carrying out the provisions of this subchapter and may commission them as peace officers. Any officer commissioned under this section is vested with all the powers, privileges, and immunities of peace officers while on the property under the control and jurisdiction of the institution of higher education or otherwise in the performance of his duties...."

Art. 2.12(9), V.A.C.C.P., provides that an officer commissioned by the governing board of any state institution of higher education is a peace officer.

The record clearly reflects or indicates that at the time in question Shaffer had previously been commissioned by Lamar University to be a campus peace officer.

■ Contrary to what the court of appeals might have implied in its opinion, the facts of this cause do not implicate the doctrine of "hot pursuit," which provides that if a peace officer initiates pursuit of an offender in his jurisdiction he may then continue the pursuit into another jurisdiction. See *Minor v. State,* 153 Tex.Cr.R. 242, 219 S.W.2d 467 (1949). The record is clear that at the time Shaffer was assaulted by appellant, Shaffer was not then in hot pursuit of the suspects or the appellant for committing an offense that had occured in his presence or view on property under the control of or subject to the jurisdiction of Lamar University.

The record reflects that prior to the assault, Shaffer, acting pursuant to a police dispatch, arrested two suspects off the campus of Lamar University for committing a burglary on the campus of Lamar University. After arresting the two suspects, handcuffing them, and putting them in the back seat of his patrol car, and while waiting for a wrecker to come and get one of the suspect's vehicle, Shaffer observed appellant's vehicle blocking traffic, which was a violation of V.T.C.A., Penal Code, Section 42.03. Shaffer also observed appellant taking photographs, but he testified that this did not bother him. After appellant refused to obey Shaffer's order to move his vehicle, Shaffer then attempted to arrest appellant but was thwarted from doing so when appellant sprayed mace in Shaffer's eyes, which caused Shaffer to become temporarily blinded.

The offense of aggravated assault on a peace officer is committed if, when assaulted, the peace officer is "lawfully discharging an official duty." V.T.C.A., Penal Code, Section 22.02(a)(2)(A). Therefore, the question that we must answer is whether, when Shaffer was assaulted by appellant, Shaffer was then "lawfully discharging an official duty" as a commissioned campus peace officer of Lamar University? We answer the question in the negative.

Under Section 51.203, supra, a person who has been commissioned as a peace officer by the governing board of a state institution of higher education, such as Lamar University, cannot be acting in the performance of his lawful duties unless he is on property under the control of or subject to the jurisdiction of the institution of higher education, or is otherwise in the performance of his lawful duties as a campus peace officer.

■ A commissioned campus peace officer, such as Shaffer, is not, however, a peace officer for all criminal acts that might occur within his presence or within his view. His authority to act as a peace officer is limited by the terms of Section 51.203, supra. Here, pursuant to statutory authority, Shaffer was vested only with the powers, privileges, and immunities of a peace officer when he was on property

under the control of or subject to the jurisdiction of Lamar University, or was otherwise acting in the performance of his official duties as a campus peace officer for Lamar University.

We are unable to agree that a campus peace officer, such as Shaffer, is acting within his official duties when he attempts to enforce provisions of the Uniform Act Regulating Traffic on passageways that are located off the campus of the institution of higher education that issued him his commission to act as a campus peace officer.

■ We agree with and approve in principle what the Fifth Circuit Court of Appeals recently stated in its panel opinion of *United States v. Garcia*, 676 F.2d 1086 (5th Cir.1982), petition for rehearing denied, 695 F.2d 806 (5th Cir.1982), on remand from the Supreme Court, see U.S. v. Garcia, 719 F.2d 108 (5th Cir.1983). In construing the authority of a Texas game warden to make a traffic arrest, the panel opinion states the following:

> We have found nothing in the statute or in the case law which indicates that the general description of circumstances giving rise to probable cause for warrantless arrests set forth in Article 14.03 was intended to repeal all specific territorial and/or substantive limitations on peace officers' law enforcement authority set forth in sections of the codes and statutes dealing with the powers and duties of the individual state and city employees listed in Article 2.12. Accordingly, the interpretation compelled by the Code Construction Act is that individuals listed in Article 2.12 have the powers and duties of peace officers, including the power to make warrantless arrests and the duty to keep peace, *only* when acting within their respective jurisdictional limits ... Beyond these enumerated powers, however, game wardens have no more law enforcement authority than any other private citizen of the State of Texas. In sum, we do not read the Texas statutes as vesting in a game warden cosmic arresting authority. (1092–1093).

We also approve and adopt what Judge Clinton stated in the dissenting opinion he filed in *Christopher*, supra:

> So it was that the 'jurisdiction' of specially created 'peace officers' was prescribed and their powers bestowed by particular law. (footnote omitted). It is for that reason that not every peace officer possesses in common with all other peace officers the same powers, duties and responsibilities. (938–939).

■ We hold that when Shaffer was assaulted by appellant, Shaffer was, pursuant to the provisions of Art. 2.12, supra, a peace officer. However, we also hold that Shaffer was without lawful authority or power to make a warrantless arrest of appellant for committing a traffic offense, because he was then acting outside of his jurisdictional limits as prescribed by Section 51.203, supra. We expressly overrule *Christopher v. State*, supra, that a specially commissioned peace officer of this State, such as Shaffer, has lawful authority to make traffic arrests anywhere in the State of Texas.

■ Because Shaffer was not lawfully discharging an official duty when appellant assaulted him, the evidence is insufficient to sustain appellant's conviction for the offense of aggravated assault on a peace officer.

The judgment of the court of appeals is reversed and the cause remanded to the trial court with instructions to enter a judgment of acquittal for the offense of aggravated assault on a peace officer.[1]

---

1. The record reflects that the jury was only instructed on the offense of aggravated assault on a peace officer; it was not instructed on any lesser included offense, such as assault or resisting arrest, both of which are lesser included offenses of aggravated assault on a peace officer. Cf. *Hazel v. State*, 534 S.W.2d 698 (Tex.Cr. App.1976); *Day v. State*, 532 S.W.2d 302 (Tex. Cr.App.1976). Also see *Sutton v. State*, 548 S.W.2d 697 (Tex.Cr.App.1977). The record also reflects that the prosecuting attorney did not, pursuant to the provisions of Art. 36.15, V.A.C. C.P., request the trial judge to instruct the jury on any lesser included offense, cf. *Benson v.*

McCORMICK, J., concurs in the result only.

W.C. DAVIS and WHITE, JJ., dissent.

*State,* 661 S.W.2d 708, 715 (Tex.Cr.App.1983), nor does the record reflect that appellant opposed the giving of such an instruction.  Cf.

*Jeffers v. United States,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977).