

# THE ATTORNEY GENERAL
## OF TEXAS

October 16, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable Gale Warren                    Opinion No. JM-563
Erath County Attorney
Erath County Courthouse                  Re: Authority of Tarleton State
Stephenville, Texas    76401             University campus peace officers

Dear Mr. Warren:

You have requested our opinion about the authority of campus peace officers at Tarleton State University to arrest persons they observe committing off-campus traffic violations. Your specific questions are:

> 1. Does article 6701d, section 153, V.T.C.S., authorize the arrest by [such] peace officers for traffic offenses committed within their view, but outside their territorial jurisdiction?

> 2. Are state owned streets and highways passing through university owned lands considered within the jurisdiction of campus security peace officers?

> 3. Do streets and highways adjoining state university lands come within the jurisdiction of campus security peace officers?

> 4. Do campus security peace officers have jurisdiction to arrest for violations of traffic offenses or other minor offenses not involving a breach of the peace committed within their view while outside the territory of their jurisdiction?

Article 2.12, subdivision (9), of the Code of Criminal Procedure identifies officers commissioned by the governing board of any state institution of higher education as peace officers. Section 153 of article 6701d, V.T.C.S., the Uniform Act Regulating Traffic on Highways, reads:

> Any peace officer is authorized to arrest without warrant any person found committing a violation of any provision of this Act.

p. 2500

Although this provision could be read to authorize any peace officer, regardless of his normal jurisdiction, to arrest a person committing a traffic offense at any time and at any place in Texas -- and was so read in Christopher v. State, 639 S.W.2d 932 (Tex. Crim. App. 1982) -- its meaning is not so broad. The Court of Criminal Appeals, overruling the Christopher case, held in Preston v. State, 700 S.W.2d 227 (Tex. Crim. App. 1985), that a campus peace officer was not lawfully discharging an official duty when he attempted to arrest a person for an off-campus traffic offense. This, "because he was then acting outside of his jurisdictional limits as prescribed by section 51.203 [of the Education Code]." 700 S.W.2d at 230. Cf. Love v. State, 687 S.W.2d 469 (Tex. App. - Houston [1st Dist.] 1985, pet. ref'd) (city policeman).

Section 51.203 of the Education Code provides:

> The governing boards of each state institution of higher education may employ campus security personnel for the purpose of carrying out the provisions of this subchapter and may commission them as peace officers. Any officer commissioned under this section is vested with all the powers, privileges, and immunities of peace officers while on the property under the control and jurisdiction of the institution of higher education or otherwise in the performance of his duties. Any officer assigned to duty and commissioned shall take and file the oath required of peace officers, and shall execute and file a good and sufficient bond in the sum of $1,000, payable to the governor and his successors in office, with two or more good and sufficient sureties, conditioned that he will fairly, impartially, and faithfully perform all the duties that may be required of him by law. The bond may be sued on from time to time in the name of any person injured until the whole amount of the bond is recovered. (Emphasis added).

In answer to your first and fourth questions, in view of the Preston v. State holding of the Court of Criminal Appeals, we advise that Tarleton State University campus peace officers are not authorized as a part of their official duties as campus peace officers to arrest persons for traffic offenses or other offenses committed within their view but outside their territorial jurisdiction. Of course, they retain the authority possessed by every citizen, as recognized in Preston, to arrest anyone without a warrant for a felony offense or a breach of the peace committed within their presence or within their view. Code Crim. Proc. art. 14.01(a). See Romo v. State, 577 S.W.2d 251 (Tex. Crim. App. 1979). However, any such arrest may subject that individual to liability for false arrest or other tort.

Your second and third questions ask about the jurisdiction of such officers on state-owned streets and highways passing through university property or adjacent thereto.

Home rule cities such as Stephenville, where Tarleton State University is located, have exclusive dominion, control and jurisdiction over public streets in the city, subject to the power of the legislature to place control elsewhere. V.T.C.S. art. 1175; State v. City of Austin, 331 S.W.2d 737 (Tex. 1960). However, it is a dominion, control and jurisdiction which the cities have no authority to delegate to others; that discretion is lodged in the legislature. City of El Paso v. Mendoza, 191 S.W.2d 102 (Tex. Civ. App. – El Paso 1945, writ ref'd w.o.m.).

By statute, the legislature has conferred concurrent jurisdiction with police officers of the city of Denton upon commissioned campus personnel to enforce all laws, including traffic laws, on any public street running through the property of North Texas State University or Texas Woman's University, and on any public street immediately adjacent to property owned, occupied or controlled by the universities. Educ. Code §§105.91(a), 107.81(a). It has also authorized the city of Denton, by contract, to delegate to the universities the authority to regulate parking on those streets. Id. §105.93. But similar provisions have not been enacted for the city of Stephenville and Tarleton State University. Cf. Educ. Code §110.13(a) (Texas Tech University and the city of Lubbock).

The failure of the legislature to provide for the exercise of such concurrent jurisdiction over streets running through or adjacent to the property of Tarleton State University and other universities, by contrast, clearly indicates a legislative intent that such concurrent jurisdiction should not exist. Consequently, in response to your second and third questions, we answer that campus peace officers of Tarleton State University have no jurisdiction as peace officers over state owned public streets and highways passing through university owned lands or adjacent thereto.

In sum, campus peace officers at Tarleton State University are peace officers, but their territorial jurisdiction is limited. See Preston v. State, supra. They are without authority to make arrests as peace officers outside their jurisdiction, and the public streets and highways running through or adjacent to university property are not within their jurisdiction.

## S U M M A R Y

Campus peace officers at Tarleton State University in Stephenville are peace officers but their territorial jurisdiction is limited. They are without authority to make arrests as peace

officers outside their jurisdiction, but may make citizens arrests in proper cases. The public streets and highways running through or adjacent to university property are not within their jurisdiction.

Very truly yours

JIM  MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General

RQ-607

JM-

INDEX HEADINGS

ARREST

CAMPUS PEACE OFFICERS

CITIZENS ARREST

JURISDICTION

PEACE OFFICER

STEPHENVILLE

TARLETON STATE UNIVERSITY

TRAFFIC OFFENSES

_____


_____