Richard W. **CORTEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 3–86–287–CR.

Court of Appeals of Texas, Austin.

Oct. 7, 1987.

Kenneth E. Houp, Jr., Austin, for appellant.

Ken Oden, County Atty., Alia Moses, Asst. County Atty., Austin, for appellee.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Richard W. Cortez appeals from a judgment of conviction for driving while intoxicated after a bench trial in the county court at law of Travis County. Punishment was assessed at sixty days in jail and a fine of $1000.00, probated. This Court will affirm the judgment of conviction.

On November 22, 1985, Debra Soto, an agent for the Texas Alcoholic Beverage Commission, observed Cortez driving "erratically" and speeding on IH–35 in Austin. Soto signalled to Cortez to stop. After the parties stopped, Soto smelled alcohol about Cortez' person. Soto caused Cortez to perform "field sobriety tests," and then placed him under arrest for driving while intoxicated.

Cortez asserts that the court erred in overruling his motion to suppress evidence because Soto had no authority to stop a citizen observed violating a traffic law.

Texas Alco.Bev.Code Ann. § 5.14 provides in pertinent part:

> Each commissioned inspector and representative [of the Texas Alcoholic Beverage Comm'n] has all the powers of a peace officer coextensive with the boundaries of the state.

Although the powers of a specially created police officer are defined and limited by the creating statute, *Preston v. State*, 700 S.W.2d 227 (Tex.Cr.App.1985), § 5.14 vests sweeping powers in Commission "inspectors and representatives." By its plain language, § 5.14 accords such agents all of the powers of a "peace officer" within the boundaries of the state. *See also*, Tex. Code Cr.P.Ann. art. 2.12(6) (Supp.1987) (TABC law enforcement agents defined as peace officers). Among other powers,

> Any peace officer is authorized to arrest without warrant any person found committing a violation of [state traffic laws].

Tex.Rev.Civ.Stat.Ann. art. 6701d, § 153 (1977). Pursuant to art. 6701d, § 153, Soto had authority to stop Cortez when she observed him speeding and driving erratically. Art. 6701d, § 166 (1977 & Supp.1987) (speeding); § 60 (failing to drive within one lane).

Cortez' authorities are not persuasive under these facts. In United *States v. Garcia*, 676 F.2d 1086 (5th Cir.1982), the statute involved specifically limited a game warden's authority as a peace officer. The statute provided broad arrest powers only "while on state parks ... or in fresh pursuit of those violating the law in a state park" and limited arrest powers outside the parks to "violations of the laws relating to game, fish and birds." In contrast, § 5.14 places no functional or geographic limit on the powers of TABC agents. Although several provisions of the Code authorize arrest for violations of the Code and its accompanying regulations, *see* §§ 101.02, 101.07, these provisions do not purport to exclusively limit TABC agents' arrest powers.

The same reasoning also distinguishes this appeal from *Preston v. State, supra.* The statute at issue in that opinion specifically granted officers, commissioned under the Education Code, authority to act as "peace officers" only while on the "property under the control of, or subject to the jurisdiction of [the institution], or ... otherwise acting in the performance of ... official duties as a campus peace officer...." *Preston, supra* at 230; Tex. Educ.Code Ann. § 51.203 (1987). In contrast, the broad language of § 5.14 authorizes the traffic stop involved in this appeal.

In light of our view of § 5.14 it is unnecessary to address the problem of Soto's claimed authority as a private citizen to make the traffic stop.

The judgment of conviction is affirmed.