IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-640-CR




THE STATE OF TEXAS,



 APPELLANT


vs.





CHARLES N. CARROLL,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY, 



NO. 37,191, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING


 





PER CURIAM

 The State appeals an order suppressing evidence. Tex. Code Crim. Proc. Ann. art.
44.01(a)(5) (West Supp. 1993). The underlying offense is driving while intoxicated. Tex. Rev.
Civ. Stat. Ann. art. 6701l-1 (West Supp. 1993).

 On July 3, 1992, Frank Benjamin was on duty as a Southwest Texas State
University campus police officer. He observed appellee driving an automobile 50 miles-per-hour
in a 30 miles-per-hour zone on Sessoms Drive in San Marcos. As the officer pursued the vehicle,
appellee ran a red light. The officer succeeded in stopping appellee and, based on his subsequent
observations, arrested him for driving while intoxicated. In his motion to suppress, appellee
contended that because the offenses observed by the officer did not take place on university
property, Benjamin was not authorized to stop him and the arrest was therefore unlawful. As we
understand the testimony, the property on either side of Sessoms Drive at the point where the
offenses occurred belongs to the university, but the street itself is not university property.

 The issue presented by the State's first point of error is the territorial jurisdiction
of a campus police officer under section 51.203 of the Education Code, as amended in 1987. Tex.
Educ. Code Ann. § 51.203 (West Supp. 1993). The relevant portion of the statute reads as
follows:



(a) The governing boards of each state institution of higher education and public
technical institute may employ and commission peace officers for the purpose
of carrying out the provisions of this subchapter. The primary jurisdiction
of a peace officer commissioned under this section includes all counties in
which property is owned, leased, rented, or otherwise under the control of
the institution of higher education or public technical institute that employs
the peace officer.


(b) Within a peace officer's primary jurisdiction, a peace officer commissioned
under this section:


 (1) is vested with all the powers, privileges, and immunities of peace
officers;


 (2) may, in accordance with Chapter 14, Code of Criminal Procedure,
arrest without a warrant any person who violates a law of the state; and


 (3) may enforce all traffic laws on streets and highways.



Id. § 51.203(a), (b).

 Campus police officers are peace officers. Tex. Code Crim. Proc. Ann. art.
2.12(8) (West Supp. 1993). A peace officer is authorized to arrest without a warrant any person
who commits an offense within the officer's view. Tex. Code Crim. Proc. Ann. art. 14.01 (West
1977); see also Tex. Rev. Civ. Stat. Ann. art. 6701d, § 153 (West 1977) (peace officer may arrest
for violation of traffic laws). These statutes, however, merely provide peace officers with the
authority to make warrantless arrests under certain circumstances. They do not define the
geographic scope of that authority, which must be found elsewhere. Angel v. State, 740 S.W.2d
727, 732 (Tex. Crim. App. 1987) (police officer of incorporated city); see also Perkins v. State,
812 S.W.2d 326 (Tex. Crim. App. 1991) (airport police officer); Reichaert v. State, 830 S.W.2d
348 (Tex. App.--San Antonio 1992, pet. ref'd) (police officer of general-law municipality).

 The only reported decision dealing with the territorial jurisdiction of campus police
officers is Preston v. State, 700 S.W.2d 227 (Tex. Crim. App. 1985). At the time of that
opinion, section 51.203 provided that "[a]ny officer commissioned under this section is vested
with all the powers, privileges, and immunities of peace officers while on the property under the
control and jurisdiction of the institution of higher education or otherwise in the performance of
his duties." Act of May 22, 1971, 62d Leg., R.S., ch. 1024, sec. 1, § 51.203, 1971 Tex. Gen.
Laws 3072, 3089 (Tex. Educ. Code Ann. § 51.203, since amended) (emphasis added). In
Preston, the court held that a campus police officer was vested with the powers, privileges, and
immunities of a peace officer only when he was on property under the control or subject to the
jurisdiction of the university, or otherwise acting in the performance of his official duties. 700
S.W.2d at 229-30. The court further held that a campus police officer was not acting within his
official duties when he attempted to enforce the traffic laws on off-campus passageways. Id.

 The State argues that Preston was effectively overruled by the 1987 amendment of
section 51.203. The amendment deleted from the statute the language on which the holding in
Preston was based. As amended, section 51.203 defines the "primary jurisdiction" of a campus
police officer as "all counties in which property is owned, leased, rented, or otherwise under the
control of the institution" that commissions the officer. § 51.203(a). Within that primary
jurisdiction, a campus police officer is vested with all powers, privileges, and immunities of peace
officers, may arrest without warrant any person who violates a law of the state, and may enforce
all traffic laws on streets and highways. § 51.203(b). There is nothing in the statute as it now
reads that limits a campus police officer's authority to act as a peace officer to the property owned
or occupied by the university.

 Appellee argues that despite its broad language, the amended statute should not be
read to authorize campus police officers to make arrests for offenses that do not occur on
university property. He notes that campus police officers are commissioned "for the purpose of
carrying out the provisions of" subchapter E of the Education Code. § 51.203(a). That
subchapter is entitled "Protection of Buildings and Grounds." Appellee also points to section
51.201, which declares that the general and criminal laws of the state are in full force and effect
within the areas under the control and jurisdiction of state institutions of higher education. Tex.
Educ. Code Ann. § 51.201 (West 1987). Appellee contends that section 51.203 should be read
to authorize the commissioning of peace officers to protect the buildings and grounds owned or
occupied by state institutions of higher education in every county in which that property may be
found, but not to authorize those officers to act a peace officers when not on the property of the
institution. In short, appellee would have this Court disregard the 1987 amendment of section
51.203 and reaffirm the holding in Preston.

 Where a statute is clear and unambiguous, the legislature must be understood to
mean what it has expressed, and it is not for the courts to add or subtract from the statute unless
application of the statute's plain language would lead to absurd results that the legislature could
not possibly have intended. Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). 
Section 51.203, as amended, clearly and unambiguously extends the jurisdiction of campus police
officers beyond the physical limits of university property. Application of the plain language of
the statute will not lead to absurd results, as the legislature could reasonably conclude that such
an expansion of jurisdiction is necessary to fully protect university buildings and grounds. 
Whether, under section 51.203(b), a commissioned campus police officer's territorial jurisdiction
encompasses the entire county in which the commissioning institution owns or otherwise controls
property is a question we need not and do not decide. It is enough to hold, as we do, that campus
police officers are authorized by section 51.203(b) to enforce traffic laws on public streets passing
through or bordering the university campus and to arrest intoxicated drivers found on those
streets. 

 It is undisputed that Benjamin was commissioned as a peace officer by Southwest
Texas State University and that the university owns property in Hays County. The evidence
shows that the traffic offenses observed by the officer took place in Hays County on a public street
bordered on both sides by university property. We hold that under section 51.203(b), Benjamin
was authorized to stop appellee for the observed traffic violations and to arrest him for driving
while intoxicated even though these offenses did not take place on university property. The
State's first point of error is sustained.


 In point of error two, the State contends the trial court erred by finding that no
probable cause existed for the stop of appellee's car. The order granting the motion to suppress
does not state the ground on which it is based, but it appears from the record that the county court
at law relied on appellee's contention that the officer exceeded the scope of his authority under
section 51.203 and did not reach the other contentions in appellee's motion to suppress. Point of
error two presents nothing for review.

 The order of the county court at law granting appellee's motion to suppress
evidence is reversed and the cause is remanded to that court for further proceedings.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Reversed and Remanded

Filed: May 19, 1993

[Publish]