TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00088-CR







Christopher Hall, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-00-0221-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING






 A jury found appellant guilty of possessing more than five pounds but less than fifty
pounds of marihuana, a third degree felony offense under the Texas Controlled Substances Act. See
Tex. Health & Safety Code Ann. § 481.121 (West Supp. 2002). (1) The court assessed punishment at
seven years' imprisonment. Appellant contends that he was denied effective assistance of counsel
during the proceedings leading to his conviction. Specifically, appellant argues that counsel's 
failure to move for a directed verdict fell below an objective standard of reasonableness and there
is a reasonable probability that but for this error appellant would not have been convicted or the
conviction would have been reversed on appeal. Because our examination of the record discloses
unassigned fundamental error, we reverse and render judgment of acquittal. 


FACTUAL AND PROCEDURAL BACKGROUND



 Officers of the San Angelo Police Department narcotics division obtained information
from a confidential informant, prompting "an investigation of" appellant and a business associate,
Simon Riley. (2) Based on this information, officers expected that appellant would be driving a lead
vehicle, or "heat vehicle," and Riley would follow in another vehicle, the "load vehicle" on
December 17, 1999. According to the testimony of several officers, a "heat vehicle" distracts law
enforcement with speeding and erratic driving, allowing the "load vehicle" carrying contraband to
slip by unnoticed. Checking the information, the officers learned that appellant had rented a green
Chevrolet Tahoe and Riley a black Dodge Durango from Enterprise Rent-A-Car in San Angelo on
December 16, 1999. The rentals occurred several hours apart.

 On December 17, officers waited along Highway 67 outside San Angelo. When they
saw the green Tahoe, two officers in an unmarked car pulled in behind it to check the license plate. 
The officers testified that appellant then began speeding and driving erratically. Other officers
assisting with the investigation located the black Durango traveling a few minutes behind the Tahoe. 
Both vehicles were stopped.

 According to Officer Hernandez, appellant's Tahoe smelled of burnt marihuana which
led the officers to search the vehicle. In it they found a receipt from Enterprise Rent-A-Car, a receipt
from a Days Inn Motel in El Paso, and a business card for appellant's and Riley's auto detailing
business. They did not find any illegal drugs. Appellant was not tested for intoxication. Officer
Howard explained that he did not perform a field drug test because appellant stated he had smoked
marihuana that morning, thus any detectable effects would have dissipated by the time of his 1:12
p.m. arrest.

 Meanwhile, officers searching Riley's vehicle discovered approximately forty pounds
of marihuana concealed in its spare tire. As a result, appellant was charged with third degree felony
possession of marihuana.

 A trial was held on November 29, 2000, in which a jury found appellant guilty. The
court then heard punishment evidence and subsequently sentenced appellant to seven years'
imprisonment. On January 9, 2001, the court appointed a new attorney to assist appellant with his
appeal. Appellant's new attorney filed a motion for new trial, citing insufficient evidence to sustain
the conviction. The trial court denied the motion. Appellant then brought this appeal.

 In his sole issue on appeal, appellant claims that he did not receive effective
assistance of counsel at trial. Appellant lists eighteen examples of deficient performance by trial
counsel (3) and requests that his conviction be reversed and the cause remanded for a new trial.

DISCUSSION



 Inexplicably, appellant does not complain of the sufficiency of the evidence on
appeal, except in the context of ineffective assistance of counsel. However, our review of the record,
prompted by appellant's complaint regarding the motion for a directed verdict, compels us in the
interest of justice to address the dispositive issue of legal sufficiency of the evidence. 

 The discretion of the courts of appeals to address unassigned error in criminal cases
is well-established in Texas law. See Carter v. State, 656 S.W.2d 468, 468-69 (Tex. Crim. App.
1983) (recognizing that broad scope of review granted appellate courts includes power to revise case
upon law and facts in record where "the life or liberty of a citizen" is at stake); see also Rezac v.
State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); Pierce v. State, 780 S.W.2d 277, 280 (Tex.
Crim. App. 1989); Perry v. State, 703 S.W.2d 668, 670 (Tex. Crim. App. 1986); Frost v. State, 25
S.W.3d 395, 399 (Tex. App.--Austin 2000, no pet.); Rodriguez v. State, 939 S.W.2d 211, 219 (Tex.
App.--Austin 1997, no pet.). "Once an appellate court has jurisdiction over a case, the limits of the
issues that the court may address are set only by that court's discretion and any valid restrictive
statute." Rezac, 782 S.W.2d at 870.

 

Legal Sufficiency

 It is beyond dispute that fundamental considerations of due process protect an accused
against conviction except on proof beyond a reasonable doubt of every fact necessary to constitute 
the crime with which he is charged. In re Winship, 397 U.S. 358, 364 (1970). When reviewing for
legal sufficiency, the appellate court views the evidence in the light most favorable to the verdict and
determines whether any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Staley v. State, 887
S.W.2d 885, 888 (Tex. Crim. App. 1994). The appellate court considers all of the evidence before
the jury, whether proper or improper, and makes an assessment from the jury's perspective. Howard
v. State, 972 S.W.2d 121, 124 (Tex. App.--Austin 1998, no pet.). Any inconsistencies in the
evidence should be resolved in favor of the verdict. Moreno v. State, 755 S.W.2d 866, 867 (Tex.
Crim. App. 1988). The jury is entitled to resolve any conflicts in the evidence, to evaluate the
credibility of the witnesses, and to determine the weight to be given any particular evidence. See id. 
This standard of review is the same for both direct and circumstantial evidence. Green v. State, 840
S.W.2d 394, 401 (Tex. Crim. App. 1992), disavowed on other grounds, Trevino v. State, 991 S.W.2d
849 (Tex. Crim. App. 1999).

 In reviewing this record, we must determine whether any rational trier of fact could
have found beyond a reasonable doubt that appellant knowingly or intentionally possessed the
marihuana found in Riley's car. To obtain a conviction for possession of a controlled substance, the
State must prove first, "that the defendant exercised actual care, custody, control, or management over
the contraband and second, that the defendant knew the matter possessed to be contraband." 
Whitworth v. State, 808 S.W.2d 566, 568 (Tex. App.--Austin 1991, pet. ref'd); Dixon v. State, 918
S.W.2d 678, 680 (Tex. App.--Beaumont 1996, no pet.); Trejo v. State, 766 S.W.2d 381, 383-84 (Tex.
App.--Austin 1989, no pet.). The evidence presented "must establish, to the requisite level of
confidence, that the accused's connection with the drug was more than just fortuitous." Brown v.
State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995) (emphasis added). Because appellant was not
in exclusive control or possession of the place where the marihuana was found, the State must present
facts and circumstances that affirmatively link the accused to the contraband in such a manner that
it can be concluded that he had knowledge of the contraband, as well as control over it. Whitworth,
808 S.W.2d at 569. While affirmative links may be proven by circumstantial evidence, the proof
must generate more than a strong suspicion or even a probability. Grant v. State, 989 S.W.2d 428,
433 (Tex. App.--Houston [14th Dist.] 1999, no pet.). The affirmative links analysis provides a
logically sound method of applying the Jackson standard of reasonable doubt. Martinets v. State, 884
S.W.2d 185, 188 (Tex. App.--Austin 1994, no pet.). 

 Case law has identified numerous factors having logical force in establishing the two
essential elements of knowledge and control. Id.; Dixon, 918 S.W.2d at 680-81; Whitworth, 808
S.W.2d at 569. Seldom will any single factor have logical force sufficient to sustain a conviction
based on constructive possession. Trejo, 766 S.W.2d at 385. Instead, the required link generally
emerges from the logical force that several factors may have in combination. Id. 

 Factors tending to establish an affirmative link include whether the contraband was
in plain view; whether the accused was the owner or driver of the car in which the contraband was
found; whether the contraband was conveniently accessible to the accused; whether the strong odor
of marihuana was present; whether paraphernalia for using the contraband was found on or in view
of the accused; whether the physical condition of the accused indicated recent consumption of the
contraband found in the vehicle; and whether traces of the contraband were found on the accused.
Dixon, 918 S.W.2d at 681. In addition, courts consider whether conduct by the accused indicated
consciousness of guilt; whether the accused had a special connection to the contraband; whether
affirmative statements connect the accused to the contraband; whether the appellant's fingerprints
were on the contraband's container; and whether the accused attempted to flee. Id.; Kyte v. State,
944 S.W.2d 29, 31-32 (Tex. App.--Texarkana 1997, no pet.); Watson v. State, 861 S.W.2d 410, 415
(Tex. App.--Beaumont 1993, pet. ref'd); Whitworth, 808 S.W.2d at 568. (4)

 The trier of fact determines whether the factors presented at trial combine to form an
affirmative link between the accused and the contraband sufficient to establish guilt beyond a
reasonable doubt. See Dixon, 918 S.W.2d at 681. The trier of fact makes this determination by
examining the number and weight of the factors indicating control and lack of control of the
contraband. Id. "The number of factors present is less important than the logical force of those
factors, alone or in combination, in establishing the elements of the offense." Martinets, 884 S.W.2d
at 188; see also Whitworth, 808 S.W.2d at 569.

 Generally, courts have found evidence sufficient to establish an affirmative link where
the appellant actually possessed the drugs or had access to the place where the drugs were stored. 
See Christopher v. State, 639 S.W.2d 932, 935-36 (Tex. Crim. App. 1982) (defendant had key to
camper shell where drugs found), overruled on other grounds, Preston v. State, 700 S.W.2d 227, 230
(Tex. Crim. App. 1985); Martinets, 884 S.W.2d at 188 (defendant was driver of car in which drugs
found); Watson, 861 S.W.2d at 415-16 (defendant in same hotel room with warm crack pipe);
Hernandez v. State, 867 S.W.2d 900, 905 (Tex. App.--Texarkana 1993, no pet.) (defendant had key
to lock on spare tire where drugs found); Whitworth, 808 S.W.2d at 569-70 (defendant had key to
car trunk where drugs found); cf. De la Garza v. State, 898 S.W.2d 376, 379 (Tex. App.--San
Antonio 1995, no pet.) (defendant seen in possession of dufflebag containing marihuana immediately
before her arrest).

 For example, in Whitworth, this Court upheld a conviction for possession where the
defendant had a key to the trunk of the car, he used the key to open the trunk, marihuana was found
in the trunk, the strong odor of fresh marihuana was present, and the defendant's conduct at the time
of his arrest showed consciousness of guilt. 808 S.W.2d at 569-70. These factors outweighed the
contrary evidence that at the time of his arrest the defendant did not appear intoxicated, did not smell
of smoked marihuana, did not have contraband on his person or in his luggage, and did not own the
car, which was a rental car assigned to another person. Id. at 568.

 In Dixon, the court of appeals concluded that defendant's nervousness, the conflicting
stories he and the driver gave, their lack of luggage for their supposed trip, and the fact their vehicle
was borrowed, tended to link defendant to the marihuana found concealed in a speaker in the
vehicle's trunk. 918 S.W.2d at 682. However, the court determined that these factors were
outweighed by the following factors: the defendant did not own the vehicle, he was not driving it,
the trunk's contents apparently did not belong to him, there was no evidence the defendant had
access to the trunk, the defendant's fingerprints were not on the drugs or in the trunk, he did not
attempt to flee from the officers, he made no incriminating statements or furtive gestures, he was not
under the influence of marihuana, and there was neither the odor of marihuana nor paraphernalia for
smoking marihuana in the car. Id. at 681-82; see also Kyte, 944 S.W.2d at 29 (reversing conviction
although drugs found in car that defendant was driving).

 Similarly, in Jenkins v. State, Nos. 13-00-602-CR & 13-00-605-CR, 2002 Tex. App.
LEXIS 2850, at *2 (Tex. App.--Corpus Christi 2002, no pet. h.), the reviewing court found the
evidence legally insufficient to sustain a conviction for possession of marihuana and cocaine. In
Jenkins, the defendant was a passenger in the front seat of an automobile stopped by a police officer
for a minor traffic offense. Id. at *10. The defendant was seen "moving around" in the front seat
as the vehicle was being pulled over. Id. The arresting officer obtained consent to search from the
owner of the automobile and subsequently discovered a handgun under the front seat where
defendant had been seated. Id. at *12. A search of the trunk revealed a large quantity of marihuana. 
Id. at *13. A later search revealed the cocaine, which was located under the rear seat. Id. The court
found that the contraband was neither in close proximity to the defendant, nor conveniently
accessible to him. Id. at *19. The court also noted that the odor of the marihuana was not evident
in the passenger compartment of the automobile; no paraphernalia was in proximity to the defendant
or conveniently accessible; the defendant was not intoxicated; and his physical condition did not
indicate recent consumption of either drug. Id. at *19-20. Furthermore, the defendant did not
attempt to flee; the defendant did not make any incriminating statements; the defendant's presence
in the vehicle at the given time and place did not constitute a suspicious circumstance; and finally,
the defendant was not aware of the presence of the handgun. (5) Id. at *20-23. An officer testified that
contraband was normally transported by more than one person, a factor the court cited as tending to
link the defendant to the narcotics. Id. at *23. However, the court opined that the probative force
of this factor as a link was greatly diminished by the fact that the two people present other than the
defendant (the owner of the vehicle and the person driving) had personal property connected either
with the drug paraphernalia or the marihuana. Id. In holding the evidence legally insufficient to
support a conviction, the court emphasized that it would not permit "a single factor indicating guilt
to trump any number of other factors which did not tend to establish possession." Id. at *26 n.13.

 In the present case, the State's proof of affirmative links between appellant and drugs
found in the spare tire of another vehicle rests entirely on the validity of its "heat and load" theory. 
Without more, this theory cannot serve to establish beyond a reasonable doubt the requisite elements
of knowledge or control on the part of appellant. (6) The State enunciated its "heat and load"
hypothesis in an attempt to show a special connection between appellant and the marihuana in
Riley's vehicle. According to the State, as soon as appellant began acting in a distracting manner,
he demonstrated a special connection with the marihuana, thus establishing joint possession over it. 
Officers testified that appellant began driving sixty to ninety miles per hour and weaving in and out
traffic when he identified the unmarked police car. (7) The officers ascribed to appellant the ability to
recognize their unmarked vehicle as a police car because of its tinted windows and radio antenna. 
The fact that appellant was driving in a distracting manner does not link appellant to the contraband
in such a manner and to such an extent that a reasonable inference may arise that the accused knew
of the contraband's existence and that he exercised control over it. The absence of additional
evidence linking the appellant to drugs concealed in a separate vehicle diminishes the probative force
of his distracting behavior in the so-called "heat vehicle." (8)

 Special connections to contraband have been established in cases where the
contraband was found in the accused's luggage, Moulden, 576 S.W.2d at 820, and where the accused
had a key to the location where the contraband was found, Christopher, 639 S.W.2d at 935 (camper
shell); Hernandez, 867 S.W.2d at 905 (spare tire well); Whitworth, 808 S.W.2d at 569 (trunk of
rental car). In the present case, the marihuana was not found in any object belonging to appellant
or under his control. There was no evidence that appellant had a key to Riley's rental vehicle, that
he had participated in the vehicle's rental, or that he had access to or exercised control over the
vehicle's spare tire.

 Reviewing the remaining factors in the context of the record before us, we note the
following factors supply no logical force in tending to link appellant to the marihuana. The
contraband was not in plain view, appellant was not the owner or the driver of the vehicle in which
the drugs were found, the marihuana was not conveniently accessible to appellant, and no drug
paraphernalia was found on or in view of appellant. Detective Hernandez did indicate that he
detected an odor of burnt marihuana in appellant's automobile. However, the odor of burnt
marihuana in appellant's automobile cannot rationally be tied to the packaged fresh marihuana
concealed in the trunk of Riley's automobile. Particularly, this is so when no evidence was presented
indicating that appellant had access to or control over Riley's auto, which was traveling several miles
behind appellant's. To make such a connection is to engage in sheer speculation. "Evidence
affirmatively connecting the accused to the contraband must amount to more than mere conjecture
or speculation." Hernandez, 867 S.W.2d at 904. Furthermore, there was no evidence that appellant
showed signs of recent marihuana use, (9) there was no evidence that appellant showed consciousness
of guilt at the time of his arrest, no trace of marihuana was found on appellant, the police were
unable to lift fingerprints from the wrappings on the marihuana bricks or from the spare tire, and
there was no evidence that appellant attempted to flee from the arresting officers.

 Appellant made no affirmative statement regarding the marihuana in Riley's vehicle;
to the contrary, he denied any knowledge of it. Officer Hernandez testified that after appellant was
read his Miranda rights, he declined to make any statements about the marihuana in Riley's vehicle. 
The fact that appellant admitted smoking marihuana in his car earlier that day, so much earlier that
he was not tested for intoxication, is not sufficiently probative to connect him with packaged
marihuana being transported in a separate vehicle. Appellant's statement that he was returning from
Las Cruces, New Mexico (although the mileage on his rental vehicle was more consistent with a trip
from El Paso) similarly provides no link to the contraband. Even if appellant and Riley were both
returning from El Paso, that is not sufficient by itself or with the factors in this record to provide
evidence of sufficient probative force to support a guilty verdict. (10)

 As stated above, in conducting a legal sufficiency review the court examines the
number and weight of the factors indicating control of the contraband, see Dixon, 918 S.W.2d at 681,
and analyzes the logical force of those factors for their tendency to establish knowledge and control
of the contraband, see Martinets, 884 S.W.2d at 188; Whitworth, 808 S.W.2d at 569. In the present
case, appellant was not in proximity to the contraband or any other controlled substance or
paraphernalia, was apparently not intoxicated, did not indicate a connection to the contraband with
an affirmative statement or conduct upon arrest, and could not be connected to the contraband by
fingerprints, a key, or ownership of the contraband's container. He did not own, and had not leased,
the automobile in which the marihuana was found, he did not show symptoms of recent use of the
drug, no drugs were found on or near him and he did not attempt to flee when stopped by the
officers. In short, none of the factors previously identified by case law as indicative of a link are
present here. Appellant's speeding and erratic driving--common enough activities--and the
circumstances surrounding the rental of the vehicles were not sufficient evidence for sending this
case to the jury in the absence of other factors indicating knowledge of and control over the
contraband located in a separate vehicle traveling several miles behind appellant.

 In summary, we conclude that the factors present do not supply sufficient logical force
to support a rational inference that the elements of the offense were proven beyond a reasonable
doubt. While "[a] mere modicum of evidence may satisfy a 'no evidence standard', . . . [i]t could
not seriously be argued that such a 'modicum' of evidence could by itself rationally support a
conviction beyond a reasonable doubt." See Jackson, 443 U.S. at 320. Even if we were to assign
a probative value to the State's heat-and-load theory, coupled with the other factors, it tends to show
only that the appellant may have had knowledge of the drugs. It does not serve to establish a link
regarding appellant's control over them. In reaching this decision, we observe that other appellate
courts have found the evidence legally insufficient, and thus requiring a judgment of acquittal, on
evidence far more compelling than exists in the present case. See Lassaint v. Texas, No. 13-01-587-CR, 2002 LEXIS 4292 at *23-25 (Tex. App.--Corpus Christi June 13, 2002, no pet. h.), (reversing
conviction for possession of cocaine despite fact that appellant's fingerprints found on grocery bag
containing contraband); Jenkins, 2002 Tex. App. LEXIS 2850 at 2 (reversing conviction for
possession of marihuana and cocaine found in same car with defendant, despite handgun found under
defendant's seat and defendant's nervousness); Dixon, 918 S.W.2d at 682 (reversing conviction for
possession of marihuana found in same car with defendant, despite defendant's nervousness,
conflicting stories, and lack of luggage for claimed trip); Moreno v. State, 821 S.W.2d 344, 352
(Tex. App.--Waco 1991, pet. ref'd) (reversing conviction for possession of over 400 grams of
cocaine found in same car with defendant, despite small amount of cocaine found in defendant's
wallet). Therefore, viewing the evidence in the light most favorable to the verdict, we cannot
conclude that any rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt. 


 CONCLUSION


 In the interest of justice, we have reviewed the legal sufficiency of the evidence,
although this error was unassigned. We hold that the evidence was legally insufficient to establish
appellant's knowledge of and control over drugs found concealed in the spare tire of another vehicle
several miles away. We reverse the judgment of conviction and render a judgment of acquittal. See
Burks v. United States, 437 U.S. 1, 11 (1978) (holding that double jeopardy bars retrial when
reviewing court finds evidence legally insufficient); Clewis v. State, 922 S.W.2d 126 (Tex. Crim.
App. 1996) (reviewing court must render judgment of acquittal upon determination of legal
insufficiency); Gonzalez v. State, 588 S.W.2d 574 (Tex. Crim. App. 1979).



 

 David Puryear, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear: Opinion by Justice Puryear;

 Dissenting Opinion by Chief Justice Aboussie


Reversed and Rendered

Filed: July 26, 2002

Publish
1. Section 481.121 provides:



 Except as authorized by this chapter, a person commits an offense if the person
knowingly or intentionally possesses a usable quantity of marihuana.



 

 An offence under Subsection (a) is . . . a felony of the third degree if the amount of
marihuana possessed is 50 pounds or less but more than 5 pounds; . . . .



Tex. Health & Safety Code Ann. § 481.121 (West Supp. 2002)


 The indictment and jury charge do not track the statutory language, i.e., "50 pounds or less."
2. The court excluded evidence regarding the informant's specific statements as hearsay.
3. The deficiencies listed by appellant are that trial counsel: (1) failed to file a timely
application for probation; (2) failed to elect jury punishment; (3) failed to request notice of
extraneous offenses that would be offered by the State; (4) failed to pursue a motion to suppress
appellant's prior vehicle stop; (5) missed several court dates; (6) failed to raise a timely Batson
challenge; (7) exercised only eight peremptory challenges during jury selection, two of which were
not in the jury pool; (8) failed to make a timely objection to the State's introduction of appellant's
business records; (9) failed to object to the State's voir dire question regarding the effect of drugs
on the jurors' lives; (10) failed to object to the State's characterization of appellant as a drug dealer
during closing argument; (11) failed to pursue the identity of the informant; (12) failed to object to
the State's questioning appellant about his knowledge of unmarked police vehicles; (13) elicited
damaging statements regarding appellant during cross examination of a State's witness; (14) failed
to request an instructed verdict; (15) argued outside the record during closing argument; (16) failed
to present evidence during the punishment phase; (17) failed to appear at the sentencing hearing; and
(18) failed to present evidence during the sentencing hearing.
4. Other factors courts consider, not relevant to this case, include whether the contraband was
found on the same side of the car seat as the accused, whether occupants of the automobile gave
conflicting statements about relevant matters, and whether the contraband was found in an enclosed
place. Dixon v. State, 918 S.W.2d 678, 681 (Tex. App.--Beaumont 1996, no pet.). While in the
instant case the contraband was found in an enclosed place, it was not in appellant's vehicle but in
another vehicle several miles away.
5. An officer testified that the handgun was a link because individuals transporting large
amounts of drugs tend to travel with weapons. In the instant case, no weapons were found on
appellant or in his car.
6. We note that in a recent case, Lassaint v. Texas, No. 13-01-587-CR, 2002 LEXIS 4292 (Tex.
App.--Corpus Christi June 13, 2002, no pet. h.), the Thirteenth Court of Appeals did not assign
weight to defendant's status as occupant of an alleged "heat vehicle"; rather it confined its analysis
to the traditional, objective affirmative link factors we have discussed in this opinion.
7. According to the officers, they did not charge appellant with speeding or evading arrest
because the purpose of the arrest was to investigate an allegation of drug trafficking.
8. As further support of its heat-and-load-vehicles theory, the State presented receipts from
Enterprise Rent-A-Car showing that appellant and Riley had rented their vehicles on the same day. 
However, it must be noted that while the vehicles were rented at the same location, appellant and
Riley rented their respective vehicles several hours apart.
9. While one of the arresting officers testified that appellant stated that he smoked marihuana
earlier that morning, he further testified that he did not test appellant for intoxication because the
effects would have dissipated by the time of the arrest. Thus, there was no evidence of physical
symptoms linking appellant to the contraband. Appellant disputed making this statement during the
punishment phase of trial, but we consider all the evidence that was before the jury in reaching its
verdict.
10. The State's only evidence, a motel receipt indicating that appellant stayed overnight in El
Paso, is no evidence that Riley also stayed in El Paso or that he and appellant returned from El Paso
together.