In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-497 CR


____________________



MARTINA JACKSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 83582






MEMORANDUM OPINION


 A jury convicted Martina Jackson for possession of a controlled substance. The
trial court sentenced Jackson to five years' confinement in the Texas Department of
Criminal Justice, Institutional Division. Jackson appeals claiming the evidence is legally
insufficient to support the jury's verdict.

 Jackson was not in exclusive control of the car where the drugs were found. 
Therefore, we cannot conclude she had possession of the controlled substance unless the
factors discussed below permit us to reasonably infer that Jackson had knowledge of and
control over the contraband in the car. Dixon v. State, 918 S.W.2d 678, 681 (Tex. App.--Beaumont 1996, no pet.).

 This court has recognized the following as factors which may 


 establish the affirmative link: 


 (1) the contraband was in plain view; 


 (2) the accused was the owner of the car in which the contraband was found; 


 (3) the accused was the driver of the automobile in which the contraband was
found; 


 (4) the contraband was conveniently accessible to the accused; 


 (5) the contraband was found on the same side of the car seat as the accused
was sitting; 


 (6) the strong odor of marijuana was present; 


 (7) paraphernalia to use the contraband was in view of or found on the
accused; 


 (8) the physical condition of the accused indicated recent consumption of the
contraband found in the car; 


 (9) conduct by the accused indicated a consciousness of guilt;


 (10) the accused had a special connection to the contraband;


 (11) the place where the contraband was found was enclosed;


 (12) occupants of the automobile gave conflicting statements about relevant
matters; and 


 (13) affirmative statements connect the accused to the contraband.


Id. at 681.

 The evidence adduced at trial demonstrates the following:


 the contraband was not in plain view;
 Jackson rented the car in which the contraband was found; 
 Jackson was not the driver; 
 the brown jacket was found in the back seat beside Jackson; 
 the contraband found in the brown jacket was conveniently accessible to Jackson;
 a peculiar odor of something burning was present and the crack pipe found in the
front seat was still hot;
 a small digital scale of a sort frequently used to weight narcotics was found in
Jackson's purse; 
 Jackson requested the return of the scale several days after her arrest; 
 the State acknowledges there was no indication of Jackson's recent consumption of
contraband;
 Jackson gave a fake name, apparently of the driver, at the time of the arrest; 
 the driver told police the purpose of the trip was to take Jackson to a funeral; and
 Jackson told police she was coming from Houston after dropping off a friend whose
name she did not recall.


We find these facts affirmatively link Jackson to the contraband. See Kroopf v. State, 970
S.W.2d 626, 628 (Tex. App.--Beaumont 1998, no pet.). The evidence demonstrates
Jackson was not "merely present" in a vehicle where drugs were found. Issue one is
overruled. The judgment of the trial court is AFFIRMED.

 PER CURIAM

Submitted on September 9, 2003 

Opinion Delivered September 17, 2003

Do not publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.