

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00077-CR

FRANK JOE RAMIREZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

### MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Frank Joe Ramirez appeals his conviction for unlawful possession of a firearm by a felon. In two points, Ramirez contends that the evidence is insufficient to support his conviction and that his co-occupant girlfriend has a Second Amendment right to own, possess, and bear firearms. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

Hood County Sheriff's Department Investigators Justin Caraway and James Luckie were investigating an aggravated robbery. The investigators went to Ramirez's home looking for a sawed-off shotgun used in the robbery and found Ramirez in his front yard. The investigators asked if Ramirez knew anything about a sawed-off shotgun, and he said that he could not possess any guns because he is a convicted felon but that someone named Chris had tried to sell him some guns. Ramirez told the investigators that the only gun he had in the house was a .22 rifle. Ramirez gave the investigators consent to search the residence. Investigator Caraway saw a .22 caliber rifle near the entryway inside the residence and bullets on a nearby bookcase. Ramirez told the investigators that the rifle belonged to his girlfriend, Brenda Poteet, who also lived in the home.

Later that day, Investigator Caraway checked Ramirez's criminal history and confirmed that he was a convicted felon. The next day, Investigator Caraway obtained an arrest warrant, returned to Ramirez's home, and arrested Ramirez. The rifle was in the same location as it was on the previous day.

During a custodial interview following the arrest, Ramirez admitted that he knew the rifle was in the house, that he handled the rifle the day before his arrest, that he previously handled the rifle to remove a jammed bullet for Poteet, and that he had constant access to the rifle because it was not secured in a location out of his access.

Ramirez's brother Roger Montoya testified that he owned the house where Ramirez and Poteet resided together. Montoya said that Ramirez was working out of town and that Poteet borrowed the firearm from Montoya for protection while Ramirez was gone. Montoya was aware of Ramirez's record and intended that Ramirez would not have access to the rifle.

Poteet testified that she and Ramirez lived together with his fifteen-month-old great-nephew and that she borrowed the rifle to protect herself and the child while Ramirez was working out of town. Poteet explained that she also went out of town while Ramirez was gone and that he was expected to return after she left town. She intended to return the rifle to Montoya on her way out of town so that it would not be there when Ramirez returned home, but she forgot it when she left.

The jury found Ramirez guilty of unlawful possession of a firearm by felon. At the sentencing trial, Ramirez pleaded true to one enhancement paragraph and four habitual paragraphs, and the jury assessed punishment at twenty-five years' confinement.[2]

### III. SUFFICIENCY OF THE EVIDENCE

---

[2]*See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2012) (providing for enhanced sentence of life or between twenty-five and ninety-nine years' imprisonment).

In his first point, Ramirez argues that the presence of the firearm in his residence is insufficient to establish that he had actual care, custody, control, or management of the firearm.

## A. Standard of Review

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Instead, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.

4

*Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We must presume that the factfinder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

## B. Law on Unlawful Possession of a Firearm by a Felon

Section 46.04 of the Texas Penal Code provides in part that a person commits the offense of unlawful possession of a firearm by a felon if the person was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of the person's release from confinement. Tex. Penal Code Ann. § 46.04 (West 2011).

The penal code defines possession as "actual care, custody, control, or management." *Id.* § 1.07(a)(39) (West Supp. 2012). A person commits a possession offense only if he voluntarily possesses the prohibited item. *Id.* § 6.01(a) (West 2011). Possession is voluntary if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. *Id.* § 6.01(b).

The State must show that the defendant exercised actual care, control, or custody of the firearm, that he was conscious of his connection with the firearm, and that he possessed the firearm knowingly or intentionally. *Bates v. State*, 155 S.W.3d 212, 216 (Tex. App.—Dallas 2004, no pet.); *Smith v. State*, 118 S.W.3d 838, 841 (Tex. App.—Texarkana 2003, no pet.). The State's evidence may be either direct or circumstantial. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim.

5

App. 1995). The State does not have to prove that the accused had exclusive possession of the firearm; joint possession is sufficient to sustain a conviction. *Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.—Dallas 2005, pet. ref'd) (citing *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986)). If the firearm is not found on the defendant's person or is not seen in the defendant's exclusive care, custody, control, or management, the State must offer additional, independent facts and circumstances that link the defendant to the firearm. *Sutton v. State*, 328 S.W.3d 73, 76 (Tex. App.—Fort Worth 2010, no pet.) (citing *Villarreal v. State*, Nos. 02-07-00329-CR, 02-07-00330-CR, 2009 WL 671042, at *1 (Tex. App.—Fort Worth Mar. 12, 2009, pet. ref'd) (mem. op., not designated for publication) ("The . . . links doctrine also applies to the possession of firearms.")); *see Bates*, 155 S.W.3d at 216–17. The purpose of linking the accused to the firearm is to protect an innocent bystander from conviction solely on his fortuitous proximity to a firearm. *See Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005).

In determining whether sufficient links exist, an appellate court examines factors such as whether the defendant owned the premises where the firearm was found, whether the firearm was in plain view, whether the defendant made incriminating statements, whether the defendant was in close proximity to the firearm and had ready access to it, whether the defendant attempted to flee, whether the defendant's conduct indicated a consciousness of guilt, whether the defendant had a special connection to the firearm, and whether the firearm was

6

found in an enclosed space. *Smith*, 176 S.W.3d at 916; *Dixon v. State*, 918 S.W.2d 678, 681 (Tex. App.—Beaumont 1996, no pet.). It is the logical force of the factors, not the number of factors present, that determines whether the elements of the offense have been established. *See Smith*, 176 S.W.3d at 916.

## C. Sufficient Evidence of Possession

Ramirez does not dispute that he had a prior felony conviction, and the record establishes that he was convicted in 2005 for the felony offense of failure to register as a sex offender. He argues that insufficient evidence exists that he possessed the firearm found in the home he shared with his girlfriend.

Ramirez argues that because he had just returned home from working out of town, and because the officers found him outside the home, there was insufficient evidence to show that he knew about the firearm found inside his home. However, evidence at trial showed several facts linking him to the firearm. Ramirez did not own the residence, but he lived there and was the only person present at the time. The investigators found the firearm in plain view leaning against the wall next to the front door inside the home. Ramirez admitted knowing that the rifle was in the home, and he told officers after his arrest that he handled the rifle the previous day and that he had previously handled it to clear a jammed bullet for Poteet. Ramirez also admitted that he had access to the rifle at all times because it was not locked or secured in a place that he could not access.

7

Viewing the evidence in the light most favorable to the prosecution, as we must, we hold that sufficient evidence exists that Ramirez had actual care, custody, control, or management of the rifle to support the jury's verdict. *See* Tex. Penal Code Ann. §§ 1.07(a)(39), 46.04; *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. We overrule Ramirez's first point.

## IV. SECOND AMENDMENT RIGHT OF POTEET

In his second point, Ramirez argues that the fact that Poteet lives with a convicted felon should not abrogate her Second Amendment right to own, possess, and bear firearms.

One may not ordinarily claim standing to vindicate the constitutional rights of a third party. *Singleton v. Wulff*, 428 U.S. 106, 112–13, 96 S. Ct. 2868, 2873 (1976). The issue of standing involves two distinct questions: whether the proponent of a particular legal right alleges "injury in fact," that is, whether the proponent suffers a concrete injury from the operation of the challenged statute, and whether the proponent asserts his own legal rights and interests rather than those of third parties as the basis of the suit. *Id.*; *see Rakas v. Illinois*, 439 U.S. 128, 139–40, 99 S. Ct. 421, 428 (1978).

Here, Ramirez is attempting to assert the legal rights and interests of Poteet, a third party. Because he lacks standing to do so, we overrule his second point.

## V. Conclusion

Having overruled Ramirez's two points, we affirm the trial court's judgment.

PER CURIAM

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 18, 2012