02-12-077-CR













 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.
02-12-00077-CR

 

 


 
 
 Frank Joe Ramirez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE
355th District Court OF Hood COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I. Introduction

Appellant
Frank Joe Ramirez appeals his conviction for unlawful possession of a firearm
by a felon.  In two points, Ramirez
contends that the evidence is insufficient to support his conviction and that his
co-occupant girlfriend has a Second Amendment right to own, possess, and bear
firearms. We will affirm. 

II. 
Factual and Procedural Background

Hood
County Sheriff’s Department Investigators Justin Caraway and James Luckie were
investigating an aggravated robbery.  The
investigators went to Ramirez’s home looking for a sawed-off shotgun used in
the robbery and found Ramirez in his front yard.  The investigators asked if Ramirez knew
anything about a sawed-off shotgun, and he said that he could not possess any
guns because he is a convicted felon but that someone named Chris had tried to
sell him some guns.  Ramirez told the
investigators that the only gun he had in the house was a .22 rifle.  Ramirez gave the investigators consent to
search the residence.  Investigator
Caraway saw a .22 caliber rifle near the entryway inside the residence and
bullets on a nearby bookcase.  Ramirez
told the investigators that the rifle belonged to his girlfriend, Brenda
Poteet, who also lived in the home.           Later
that day, Investigator Caraway checked Ramirez’s criminal history and confirmed
that he was a convicted felon.  The next
day, Investigator Caraway obtained an arrest warrant, returned to Ramirez’s
home, and arrested Ramirez.  The rifle
was in the same location as it was on the previous day. 

          During a custodial interview following
the arrest, Ramirez admitted that he knew the rifle was in the house, that he handled
the rifle the day before his arrest, that he previously handled the rifle to
remove a jammed bullet for Poteet, and that he had constant access to the rifle
because it was not secured in a location out of his access. 

          Ramirez’s brother Roger Montoya
testified that he owned the house where Ramirez and Poteet resided together.  Montoya said that Ramirez was working out of
town and that Poteet borrowed the firearm from Montoya for protection while Ramirez
was gone.  Montoya was aware of Ramirez’s
record and intended that Ramirez would not have access to the rifle.

Poteet
testified that she and Ramirez lived together with his fifteen-month-old
great-nephew and that she borrowed the rifle to protect herself and the child
while Ramirez was working out of town.  Poteet
explained that she also went out of town while Ramirez was gone and that he was
expected to return after she left town. 
She intended to return the rifle to Montoya on her way out of town so
that it would not be there when Ramirez returned home, but she forgot it when
she left.

          The jury found Ramirez guilty of
unlawful possession of a firearm by felon. 
At the sentencing trial, Ramirez pleaded true to one enhancement
paragraph and four habitual paragraphs, and the jury assessed punishment at twenty-five
years’ confinement.[2]

III.  Sufficiency of the Evidence

In
his first point, Ramirez argues that the presence of the firearm in his residence
is insufficient to establish that he had actual care, custody, control, or
management of the firearm.    

A. Standard
of Review

In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the
prosecution to determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007).

This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. 
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton,
235 S.W.3d at 778.  The trier of
fact is the sole judge of the weight and credibility of the evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); Brown v. State, 270 S.W.3d 564,
568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009).  Thus, when performing an evidentiary
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the factfinder.  Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  Instead, we determine whether the necessary
inferences are reasonable based upon the combined and cumulative force of all
the evidence when viewed in the light most favorable to the verdict.  Hooper v. State, 214
S.W.3d 9, 16–17 (Tex. Crim. App. 2007). 
We must presume that the factfinder resolved any conflicting inferences
in favor of the prosecution and defer to that resolution.  Jackson, 443 U.S. at
326, 99 S. Ct. at 2793; Clayton, 235 S.W.3d at 778.

B. Law
on Unlawful Possession of a Firearm by a Felon

          Section 46.04 of the Texas Penal Code
provides in part that a person commits the offense of unlawful possession of a
firearm by a felon if the person was previously convicted of a felony offense
and possessed a firearm after the conviction and before the fifth anniversary
of the person’s release from confinement. 
Tex. Penal Code Ann. § 46.04 (West 2011).

          The penal code defines possession as
“actual care, custody, control, or management.” 
Id. § 1.07(a)(39) (West Supp. 2012).  A person commits a possession offense only if
he voluntarily possesses the prohibited item. 
Id. § 6.01(a) (West 2011).  Possession is voluntary if the possessor
knowingly obtains or receives the thing possessed or is aware of his control of
the thing for a sufficient time to permit him to terminate his control.  Id. § 6.01(b).

          The State must show that the defendant
exercised actual care, control, or custody of the firearm, that he was
conscious of his connection with the firearm, and that he possessed the firearm
knowingly or intentionally.  Bates v. State, 155 S.W.3d 212,
216 (Tex. App.—Dallas 2004, no pet.); Smith
v. State, 118 S.W.3d 838, 841
(Tex. App.—Texarkana 2003, no pet.). 
The State’s evidence may be either direct or circumstantial.  Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  The State does not have to prove that the
accused had exclusive possession of the firearm; joint possession is sufficient
to sustain a conviction.  Smith v. State, 176 S.W.3d 907, 916
(Tex. App.—Dallas 2005, pet. ref’d) (citing Cude
v. State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986)).  If the firearm is not found on the
defendant’s person or is not seen in the defendant’s exclusive care, custody,
control, or management, the State must offer additional, independent facts and
circumstances that link the defendant to the firearm.  Sutton v. State, 328 S.W.3d 73, 76 (Tex. App.—Fort Worth 2010, no pet.) (citing Villarreal v.
State, Nos. 02-07-00329-CR,
02-07-00330-CR, 2009 WL 671042, at *1 (Tex. App.—Fort Worth Mar. 12, 2009, pet.
ref’d) (mem. op., not designated for publication) (“The . . . links
doctrine also applies to the possession of firearms.”)); see Bates, 155 S.W.3d at 216–17. 
The purpose of linking the accused to the firearm is to protect an innocent
bystander from conviction solely on his fortuitous proximity to a firearm.  See Poindexter v. State, 153 S.W.3d 402,
406 (Tex. Crim. App. 2005).

          In determining whether sufficient
links exist, an appellate court examines factors such as whether the defendant
owned the premises where the firearm was found, whether the firearm was in
plain view, whether the defendant made incriminating statements, whether the
defendant was in close proximity to the firearm and had ready access to it,
whether the defendant attempted to flee, whether the defendant’s conduct
indicated a consciousness of guilt, whether the defendant had a special
connection to the firearm, and whether the firearm was found in an enclosed
space.  Smith, 176 S.W.3d at 916; Dixon v. State, 918 S.W.2d 678, 681 (Tex. App.—Beaumont 1996, no pet.).  It is the logical force of the factors, not
the number of factors present, that determines whether
the elements of the offense have been established.  See Smith, 176 S.W.3d at 916.

C. Sufficient
Evidence of Possession

Ramirez
does not dispute that he had a prior felony conviction, and the record
establishes that he was convicted in 2005 for the felony offense of failure to
register as a sex offender.  He argues
that insufficient evidence exists that he possessed the firearm found in the
home he shared with his girlfriend.

Ramirez
argues that because he had just returned home from working out of town, and
because the officers found him outside the home, there was insufficient
evidence to show that he knew about the firearm found inside his home.  However, evidence at trial showed several
facts linking him to the firearm.  Ramirez
did not own the residence, but he lived there and was the only person present
at the time.  The investigators found the
firearm in plain view leaning against the wall next to the front door inside
the home.  Ramirez admitted knowing that
the rifle was in the home, and he told officers after his arrest that he
handled the rifle the previous day and that he had previously handled it to
clear a jammed bullet for Poteet.  Ramirez also admitted that he had access to
the rifle at all times because it was not locked or secured in a place that he
could not access.

          Viewing the evidence in the light most
favorable to the prosecution, as we must, we hold that sufficient evidence
exists that Ramirez had actual care, custody, control, or management of the
rifle to support the jury’s verdict.  See Tex. Penal Code Ann. §§ 1.07(a)(39), 46.04; Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Clayton,
235 S.W.3d at 778.  We overrule Ramirez’s
first point. 

IV. 
Second Amendment Right of Poteet

In
his second point, Ramirez argues that the fact that Poteet lives with a
convicted felon should not abrogate her Second Amendment right to own, possess,
and bear firearms.

One
may not ordinarily claim standing to vindicate the constitutional rights of a
third party.  Singleton v. Wulff,
428 U.S. 106, 112–13, 96 S. Ct. 2868, 2873 (1976).  The issue of standing
involves two distinct questions: whether the proponent of a particular legal
right alleges “injury in fact,” that is, whether the proponent suffers a concrete
injury from the operation of the challenged statute, and whether the proponent
asserts his own legal rights and interests rather than those of third parties
as the basis of the suit.  Id.; see
Rakas v. Illinois, 439 U.S. 128, 139–40, 99 S. Ct. 421, 428 (1978).  

Here,
Ramirez is attempting to assert the legal rights and interests of Poteet, a
third party.  Because he lacks standing
to do so, we overrule his second point. 

V. Conclusion

Having
overruled Ramirez’s two points, we affirm the trial court’s judgment.

 

 

 

PER CURIAM

 

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  October 18, 2012

 



 

 

 

NO.
02-12-00077-CR

 

 


 
 
 Frank Joe Ramirez
  
  
  
 v.
  
  
  
 The State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 355th District Court
  
 of
 Hood County (CR11701)
  
 October
 18, 2012
  
 Per Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This court has considered the record
on appeal in this case and holds that there was no error in the trial court’s
judgment.  It is ordered that the
judgment of the trial court is affirmed. 

 

SECOND DISTRICT
COURT OF APPEALS 

 

 

 

PER CURIAM

 

 











[1]See
Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. § 12.42(d) (West
Supp. 2012) (providing for enhanced sentence of life or between twenty-five and
ninety-nine years’ imprisonment).