

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-20-00596-CV

**IN THE INTEREST OF L.J.K**. and C.A.K., Children

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI01008
Honorable Mary Lou Alvarez, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice
              Irene Rios, Justice

Delivered and Filed: August 31, 2022

REVERSED AND REMANDED

Appellant appeals from the trial court's orders in the parties' suit affecting the parent-child relationship.

### BACKGROUND

Appellant Father and Appellee Mother share child custody. On January 19, 2018, Mother filed a petition for orders regarding the parent-child relationship. Mother requested medical costs, regulated access to the children, and restrictions on Father's alcohol consumption.

On April 12, 2018, the parties entered into an agreement for final orders. The case remained open with no further developments until March 19, 2020, when the case was slated for dismissal for want of prosecution. On July 31, 2020, Mother filed a motion to sign final orders. The trial court signed final orders on August 26, 2020.

Father now appeals on nine issues: 1) the parties' agreement for final orders was a final order; 2) it was improper for Mother's attorney to sign the final order as to form for Father's attorney; 3) the trial court's 2020 final order failed to comply with the parties' 2018 agreement; 4) the cause should have been dismissed for want of prosecution; 5) Father's attorney elicited perjury at a contempt hearing related to the trial court's orders; 6) the trial court improperly denied Father's motion for new trial on the mistaken belief that it no longer had plenary power to grant it; 7) Mother did not give Father proper notice under Rule 21a of the Texas Rules of Civil Procedure; 8) the trial court ordered improper medical support; and 9) the trial court's contempt order did not conform to the pleadings. Our review follows.

## CONFORMING ORDERS; MEDICAL COSTS

### A. Parties' Arguments

Father argues the August 26, 2020 order does not conform with the parties' agreement and must be remanded to the trial court. He specifically argues that the trial court was unauthorized to order the medical support specified in the final order. Mother argues that the final orders do conform, and that Father only preserved issues on medical support and the child exchange location. Regarding medical support, Mother argues that the final order merely implements and effectuates the medical support that Father agreed to, which the court was authorized to order.

### B. Law

"[W]hen a trial court renders judgment based on a Rule 11 agreement, the signed judgment must comply literally with the terms of the agreement." *In re S.R.S.*, No. 12-20-00130-CV, 2020 WL 4463122, at *3 (Tex. App.—Tyler July 15, 2020, no pet.) (mem. op.) (citing *Tinney*, 897 S.W.2d at 544); *accord Vickrey v. Am. Youth Camps, Inc.*, 532 S.W.2d 292 (Tex. 1976) (citing *Edwards v. Gifford*, 155 S.W.2d 786, 788 (Tex. 1941); *Wyss v. Bookman*, 235 S.W. 567, 569 (Tex. Comm'n App. 1921)). "A trial court has no power to supply terms, provisions, or details not

previously agreed to by the parties." *In re S.R.S.*, 2020 WL 4463122, at \*3 (citing *Tinney*, 897 S.W.2d at 544). When it does so, it renders the parties' agreement unenforceable. *See Interest of C.E.H.*, No. 09-19-00120-CV, 2020 WL 5666081, at \*3 (Tex. App.—Beaumont Sept. 24, 2020, no pet.) (citing *Clanin v. Clanin*, 918 S.W.2d 678 (Tex. App.—Fort Worth 1996, no writ). If such an error occurs upon the trial court's rendition of the final order, then the final order must be reversed and the cause remanded for the trial court to reform the order. *See Clanin*, 918 S.W.2d at 678.

### C. Analysis

On April 12, 2018, the parties attended a hearing that the court docket shows was scheduled as a trial on the merits. At the hearing, the parties entered into a written agreement for final orders with bullet-pointed and shorthand notations. The parties, the parties' attorneys, and the trial court signed the agreement, which included the following provisions:

> JMC—no primary [sic]
>
> Residence restriction to Bexar County
>
> Medicaid will be obtained by Father and Father will be obligated to pay any medical support. Both parents cooperate w/in 30 days to the make the change. Standard medical privisions—50/50 uninsureds Mother claims children for 2018 & subsequent even tax years, father will claim children in 2019
> [sic]
>
> As in agreement dated January 15, 2014
> During Mom's periods of possession kids
> will attend Learning Tree, at Mom's discretion.
> [sic]
>
> Loving & Caring Order
> Children's Bill of Rights
> Provisions regarding MGM [sic] as in agreement of January 15, 2014.
>
> Exchanges to take place @ Wendy's on
> Culebra or mutually agreeable public place when

kid's not in school
[sic]

Kids remain in current schools & feeder schools

The agreement also included a provision for the trial court to enter binding and final orders in accordance with the agreement. The only record of the April 12, 2018 agreement for final orders is the agreement contained in the clerk's record.

On August 26, 2020, the trial court signed final orders purportedly based on the April 12, 2018 hearing that included many terms not contained within the April 12, 2018 agreement. Some of these appear to be boilerplate provisions based on the legal rights and duties of parents, as stated in Texas Family Code sections 153.073, 153.074, and 153.076. However, the final orders also apply Texas Family Code section 153.132, Rights and Duties of Parent Appointed Sole Managing Conservator, to both parents without any support in the record for doing so. There is also language that provides for Mother to remove the children from Bexar County if Father no longer resides there. Regardless of whether it might follow logically, this contingency was not considered in the original agreement. *See Rosales v. Rosales*, No. 04-05-00906-CV, 2006 WL 2955602, at *3 (Tex. App.—San Antonio Oct. 18, 2006, pet. denied) (mem. op.) (citing *Donzis v. McLaughlin*, 981 S.W.2d 58, 63 (Tex. App.—San Antonio 1998, no pet.)).

In addition, the final order includes standard possession order language from Texas Family Code sections 153.312, 153.314, and 153.316, but with additions for "week on/week off exchanges," Wednesday visitations, and Halloween that were not included in the original agreement. *Contra Tinney*, 897 S.W.2d at 544. The final order also provides for the children to attend any childcare service available to Mother, although the original agreement only specifies Learning Tree. *See id*. The final order requires parties to notify each other of vacation plans, the children's extra-curricular activities, the children's education status, the children's medical

conditions, medications, and doctors' information. It also requires the parties to keep a photograph of the other party in the children's rooms. These provisions were simply not contemplated by the original agreement. *See id*.

The provision that Father complained of in his motion for new trial is a twenty-five dollar per month required payment to Mother for medical support. *See id*. The August 26, 2020 order provides that the requirement does not terminate in the event of Father's death. None of these provisions was contained in the original agreement. *See id*.

If this were simply a matter of changing clerical variances between the agreement for final orders and the final orders, we would enter a modified judgment. *See In the Interest of A.M*., No. 04-16-00335-CV, 2017 WL 1337648, at *5 (Tex. App.—San Antonio 2017, no pet.) (mem. op.) (citing *McLendon v. McLendon*, 847 S.W.2d 601, 610 (Tex. App.—Dallas 1992, writ denied)). However, the trial court's final order does not conform to the parties' April 12, 2018 agreement, which the trial court cites as the basis for its findings. *Contra Tinney*, 897 S.W.2d at 544.

Therefore, we sustain Father's complaint on this ground. We reverse and remand to the trial court to render a final order that comports with the parties' agreement. *See Vickrey*, 532 S.W.2d at 292–93.

## CONCLUSION

Based on the record before us, we conclude that, all other issues notwithstanding, the trial court signed a final order that did not conform to the parties' April 12, 2018 agreement. Because we sustain Father's complaint on this issue, we need not address his remaining issues. We reverse the trial court's August 26, 2020 order and remand the cause to the trial court to reform its order in accordance with the agreement reached by the parties. *See Clanin*, 918 S.W.2d at 678.

Patricia O. Alvarez, Justice